UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DENNY VICKNAIR | CIVIL ACTION |
| VERSUS | |
| BLUMBERG AND ASSOCIATES, INC., ET AL. | NO. 17-92-JWD-RLB |

## ORDER

Before the Court is Defendant Blumberg and Associates, Inc.'s ("Blumberg") Motion to Stay Discovery Pending Resolution of Motion to Dismiss (R. Doc. 29) filed on June 28, 2017. Blumberg moves for a stay of discovery until after resolution of its pending Motion to Dismiss (R. Doc. 10) filed on March 9, 2017.

The Court's Scheduling Order set all deadlines through the jury trial scheduled to commence on September 12, 2018. (R. Doc. 28). Non-expert discovery must be completed by October 20, 2017. (R. Doc. 28 at 1).

Rule 26(c) allows the Court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978)). "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987); *see also Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) ("Trial courts possess broad discretion to supervise discovery.") (citation omitted).

Blumberg further asserts that its Motion to Dismiss addresses the purely legal issue of preemption, and that further discovery is not necessary to resolve the motion. (R. Doc. 29 at 2). Blumberg further asserts that since the filing of its Motion to Dismiss, Plaintiff has propounded written discovery requests, and that "discovery will be wasteful, burdensome, and for naught if the motion to dismiss is granted." (R. Doc. 29-2 at 2).

Plaintiff has filed a memorandum indicating that he has no opposition to a stay of discovery, so long as all of the deadlines imposed by the Court's Scheduling Order (R. Doc. 28) are either stayed until after the Court rules on the pending motion to dismiss, or those deadlines are otherwise set to new dates to be suggested by the parties. (R. Doc. 30).

In general, it is this Court's practice to deny opposed motions to stay discovery pending resolution of a dispositive motion. However, having considered the record as a whole, and given the parties' positions and with consent of the district judge, the Court finds good cause for staying discovery, as well as staying all remaining deadlines in this action, until the district judge issues a ruling on the pending motion to dismiss.

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion to Stay Discovery (R. Doc. 15) is **GRANTED**. All remaining deadlines in this action are **STAYED**. Defense counsel shall contact the undersigned's chambers for the purpose of setting a scheduling conference, if necessary, **within 5 days** of the issuance of a ruling on the pending motion to dismiss.

Signed in Baton Rouge, Louisiana, on July 31, 2017.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**